IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROY A. DAY, | § | |
| | § | No. 428, 2017 |
| Plaintiff Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| 21ˢᵗ CENTURY NORTH AMERICAN | § | |
| INSURANCE CO., *et al.*, | § | C.A. No. N17C-09-066 |
| | § | |
| Defendants Below- | § | |
| Appellees. | § | |

Submitted: June 4, 2018
Decided: June 19, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

Upon consideration of the rule to show cause and the appellant's response, it appears to the Court that:

(1)     The appellant, Roy A. Day, filed this appeal on October 13, 2017 from the Superior Court's order, dated October 4, 2017, dismissing his complaint. The original brief schedule set a deadline of December 12, 2017 for Day to file his opening brief.  After two extensions, Day was given until April 30, 2018 to file his opening brief.  On April 20, 2018, the Court denied Day's request to stay the appeal.  On May 7, 2018, the Court denied his second motion to stay.

(2)    On May 8, 2018, the Clerk of the Court issued a brief delinquency letter for Day's failure to file his opening brief by the April 30th due date, giving Day another week to file his opening brief or else risk having the case resolved against him.  Day responded by filing a third motion to stay the appeal, which was stricken.  On May 21, 2018, the Clerk issued a notice to Day to show cause why his appeal should not be dismissed for his failure to prosecute.  On May 28, 2018, Day filed a document purporting to respond to the notice to show cause with a letter enclosing a document titled, "Quasi-Pauper-Evidential-Opposed-Brief-for-Federal-Court."

(3)    To the extent that the enclosure is intended to serve as Day's opening brief on appeal, the document is stricken as nonconforming under Supreme Court Rule 34.  Despite appropriate headings, the document contains no statement of facts, no argument or issues presented, and no citation of legal authority.  Although this Court affords *pro se* litigants leeway in satisfying the briefing requirements on appeal, Day's document contains no arguments capable of the Court's review.[1]   Under the circumstances, we dismiss the appeal for Day's failure to prosecute.

---

[1] *Chewning v. JP Morgan Chase Bank*, 2016 WL 595291 (Feb. 11, 2016) (holding that, at the very least, an opening brief must set forth some argument that is capable of review).

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice